# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

# OCALA DIVISION

# CASE NO.: 5:21-cv-368

MICHAEL JENKINS,

        Plaintiff,

vs.

PENN CREDIT CORPORATION,

        Defendant.

_____/

# COMPLAINT

Plaintiff, **MICHAEL JENKINS** (hereinafter "Plaintiff" or "Michael Jenkins") by and through undersigned counsel, hereby files his Complaint against Defendant, **PENN CREDIT CORPORATION** (hereinafter "Defendant" or "PCC"), and allege:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), and Florida Statutes §§559.55 – 559.785, known more commonly as the Florida Consumer Collection Practices Act (hereinafter the "FCCPA").

2. The FDCPA and FCCPA prevents debt collectors from engaging in abusive, deceptive, and unfair collection practices.

3. Plaintiff seeks the remedies as provided by the FDCPA pursuant to 15 U.S.C. §1692(k) and the FCCPA pursuant to Florida Statute §559.77(2).

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. §1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. §1331.

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution

7. Venue in this District is proper because Plaintiff resides in Marion County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2). Additionally, venue is proper in this District because Defendant has engaged in debt collection activity by sending debt collection communications within this District.

## PARTIES

8. Plaintiff Michael Jenkins resides at 3738 SE 4th Street, Ocala, Florida 34471.

9. At all times relevant to this Complaint, Plaintiff Michael Jenkins was and is a natural person, and a "consumer" as that term is defined by 15 U.S.C. 1692a(3) and Florida Statutes §559.55(8) and/or a person with standing to bring a

claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

10.     At all times material hereto, Defendant was and is a Foreign Profit Corporation, registered in the State of Florida with the Division of Corporations. Defendant's principal address is 2800 Commerce Drive, Harrisburg, Pennsylvania 17110. Defendant's registered agent is Corporation Service Company, 1201 Hay Street, Tallahassee, Florida 32301.

11.     At all times relevant to this Complaint the Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(6).

12.     At all times relevant to this Complaint, Defendant regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(7).

13.     At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(6).

14.     At all times relevant to this Complaint, Defendant regularly uses the mail and telephone in its business for the purpose of collecting consumer debts.

15.     At all times relevant to this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16.     Upon information and belief, the primary function of Defendant's

3

business is to collect payments due to others.

17. Defendant was hired to collect the disputed debt.

18. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

## BACKGROUND AND GENERAL ALLEGATIONS

19. On or about June 21, 2021, Defendant furnished Plaintiff with a communication that demanded payment from Plaintiff (the "Demand Letter", a copy of which is attached hereto as **Exhibit "A"**).

20. The Demand Letter was provided by Defendant on behalf of Xoom Energy, LLC (hereinafter "Xoom"), which provides "electricity, natural gas and renewable energy solutions to residential…customers across the US"[1]. Notably, Xoom does not provide any utility services within the State of Florida.

21. Defendant identifies the Demand Letter as a "Notice of Collection" and states that "[o]ur client has referred your delinquent account(s) referenced below for collection."

22. The Demand Letter instructs the Plaintiff to "[s]end payment using the enclosed envelope or you may go online to http://account.penncredit.com to make payment or contact our office to pay over the phone" and further states that "[t]his is an attempt to collect a debt by a debt collector…".

23. Within the Demand Letter, the Defendant indicates that a utility

---

[1] https://xoomenergy.com/en/who-we-are

service was rendered at "3721 Century Pl 102" on October 15, 2020, bearing account number ********9807 and demands payment of a delinquent utility bill for a total balance due of $827.90.  Notably, the address does not specify what city or state service was allegedly provided at.

24.     Additionally, the Demand Letter includes a payment coupon at the bottom of the letter with instructions to "detach and return with payment" and a return envelope for same.

25.     On July 5, 2021, Plaintiff received a notification that Defendant reported this alleged debt to the credit reporting agency TransUnion and Equifax (the "CRA") thereby adversely affecting Plaintiff's credit scores.  (*See* copies of the credit reporting attached hereto as **Exhibit "B"**).

26.     Plaintiff does not have any accounts with Xoom nor has Plaintiff entered into any agreements with Xoom for any services.

27.     Moreover, Plaintiff does not own or rent any property with an address of "3721 Century Pl 102".  Likewise, Plaintiff does not own or rent any property in any state in which Xoom provides utility services.

28.     Defendant's Demand Letter and reporting of the alleged delinquent debt to the CRA's is for the purpose of collecting upon the alleged debt – a debt the Defendant knows or should have known Plaintiff did not incur.

29.     Plaintiff has been forced to retain the services of undersigned counsel and has agreed to pay a reasonable attorney's fee.  Plaintiff seeks reimbursement of attorneys' fees and costs expended in the prosecution of this lawsuit.

## DAMAGES

30. Plaintiff has been injured and suffered actual damages by virtue of Defendant's repeated violations of those legal rights and protections which Congress and the State of Florida provided to Plaintiff and other consumers like him. The threshold of Plaintiff's damages stem from Defendant's violation of the FDCPA and FCCPA. Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiff suffered damages as a direct and proximate result of Defendant's violation of the FDCPA and FCCPA.

31. Plaintiff's damages as a result of Defendant's violation of the FDCPA and FCCPA include, but at not necessarily limited to, a reduction of his credit score with TransUnion and Equifax, negative marks on his credit reports, and incurring additional fees and costs with legal counsel prior to brining this action.

32. Additionally, Plaintiff has also suffered actual damages in the form of mental pain and shock, suffering, aggravation, humiliation and embarrassment, emotional distress, and anxiety, as a result of Defendant's actions in pursuing a debt not attributable to Plaintiff.

33. As a result of Defendant's violations of the FDCPA and FCCPA, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs, pursuant to 15 U.S.C. §1692(k) and Fla. Stat.§559.77(2), respectively.

**COUNT I-VIOLATION OF FDCPA: 15 USC 1692f(1)**

34. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

35. 15 U.S.C. §1692f states, in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limited the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*U.S.C. § 1692f(1)*

36. On or about June 21, 2021, Defendant furnished Plaintiff Michael Jenkins with the Demand Letter.

37. The Demand Letter demand payment of a sum totaling $827.90 for utility services at "3721 Century Pl 102".

38. Plaintiff Michael Jenkins does not currently have, nor has he ever had any account with Xoom. Mr. Jenkins does not own or rent any property within any location in which Xoom provides its services. Likewise, Mr. Jenkins has not entered into any agreement for utility services for any property bearing the "3721 Century Pl 102" address.

39. Without an underlying agreement between Mr. Jenkins and the Defendant, there is no state law that permits the Defendant to recover any amount from the Plaintiff.

40. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692f(1) by falsely representing in the Demand Letter that Defendant was entitled to recover a balance of $827.90 when Defendant lacked any legal or contractual basis to seek such a debt from the Plaintiff.

41. As a direct and proximate result of the violation of the FDCPA by the Defendant, Plaintiff Michael Jenkins was damaged. Plaintiff's damages include but are not necessarily limited to the unlawful attempt to collect upon a debt that is not expressly authorized by agreement or law, incurring additional attorney's fees and costs with legal counsel prior to bringing this action, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

42. Plaintiff Michael Jenkins hired the law firm of Jenkins Lorenzo, LLC to represent him in this action and has agreed to pay a reasonable attorney's fee.

43. As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692e(2)(A)

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

45. 15 U.S.C. §1692e(2)(A) states, in pertinent part:

> A debt collector may not use any false, or misleading representation or means in collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of –
> (A) the character, amount, or legal status of any debt;

*U.S.C. § 1692e(2)(A)*

46. On or about June 21, 2021, Defendant furnished Plaintiff Michael Jenkins with the Demand Letter.

47. The Demand Letter demand payment of a sum totaling $827.90 for utility services at "3721 Century Pl 102".

48. Plaintiff Michael Jenkins does not currently have, nor has he ever had any account with Xoom. Mr. Jenkins does not own or rent any property within any location in which Xoom provides its services. Likewise, Mr. Jenkins has not entered into any agreement for utility services for any property bearing the "3721 Century Pl 102" address.

49. Without an underlying agreement between Mr. Jenkins and the Defendant, there is no amount of debt owed by Mr. Jenkins to the Defendant.

50. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(2)(A) by falsely representing in the Demand Letter that Defendant was entitled to recover a balance of $827.90 when Defendant lacked any legal or contractual basis to seek such a debt from the Plaintiff.

51. As a direct and proximate result of the violation of the FDCPA by the Defendant, Plaintiff Michael Jenkins was damaged. Plaintiff's damages include but are not necessarily limited to the false representation of the character or amount of debt allegedly owed by Plaintiff, incurring additional attorney's fees and costs with legal counsel prior to bringing this action, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

52. Plaintiff Michael Jenkins hired the law firm of Jenkins Lorenzo, LLC to represent him in this action and has agreed to pay a reasonable attorney's fee.

53. As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

## COUNT III-VIOLATION OF FDCPA: 15 USC 1692e(8)

54. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

55. 15 U.S.C. §1692e(8) states, in pertinent part:

> A debt collector may not use any false, or misleading representation or means in collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> > (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
>
> *U.S.C. § 1692e(8)*

JENKINS LORENZO | 18851 NE 29th Avenue, Suite 700 Aventura, Florida 33180 | (305) 456-1450

56. On or about July 5, 2021, Defendant furnished credit information to TransUnion and Equifax regarding an alleged delinquent account Plaintiff Michael Jenkins had with Xoom.

57. Plaintiff Michael Jenkins does not currently have, nor has he ever had any account with Xoom. Mr. Jenkins does not own or rent any property within any location in which Xoom provides its services. Likewise, Mr. Jenkins has not entered into any agreement for utility services for any property bearing the "3721 Century Pl 102" address.

58. Without an underlying agreement between Mr. Jenkins and the Defendant, there is no amount of debt owed by Mr. Jenkins to the Defendant.

59. Defendant knew or should have known that Mr. Jenkins does not have any account with Xoom and by extension, would not have any negative or delinquent credit information to be reported to the CRA's.

60. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(8) by falsely reporting the alleged delinquency of an account Mr. Jenkins does not have to the CRA's when Defendant knew or should have known that such credit information was false.

61. As a direct and proximate result of the violation of the FDCPA by the Defendant, Plaintiff Michael Jenkins was damaged. Plaintiff's damages include but are not necessarily limited to the reporting of false credit information, a reduction of Mr. Jenkins' credit scores, incurring additional attorney's fees and costs with

legal counsel prior to bringing this action, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

62. Plaintiff Michael Jenkins hired the law firm of Jenkins Lorenzo, LLC to represent him in this action and has agreed to pay a reasonable attorney's fee.

63. As a result of the above violations of the FDCPA and pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

**COUNT IV-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(5)**

64. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

65. Florida Statutes §559.72(5) states, in pertinent part:

> In collecting consumer debts, no person shall:
> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

*Florida Statutes §559.72(5)*

66. On or about July 5, 2021, Defendant furnished credit information to TransUnion and Equifax regarding an alleged delinquent account Plaintiff Michael Jenkins had with Xoom.

67. Plaintiff Michael Jenkins does not currently have, nor has he ever had any account with Xoom. Mr. Jenkins does not own or rent any property within any

location in which Xoom provides its services. Likewise, Mr. Jenkins has not entered into any agreement for utility services for any property bearing the "3721 Century Pl 102" address.

68. Without an underlying agreement between Mr. Jenkins and the Defendant, there is no amount of debt owed by Mr. Jenkins to the Defendant.

69. Defendant knew or should have known that Mr. Jenkins does not have any account with Xoom and by extension, would not have any negative or delinquent credit information to be reported to the CRA's.

70. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, violated Fla. Stat. §559.72(5) by falsely reporting the alleged delinquency of an account Mr. Jenkins does not have to the CRA's when Defendant knew or should have known that such credit information was false.

71. As a direct and proximate result of the violation of the FCCPA by the Defendant, Plaintiff Michael Jenkins was damaged. Plaintiff's damages include but are not necessarily limited to the reporting of false credit information affecting Mr. Jenkin's reputation, a reduction of Mr. Jenkins' credit scores and credit worthiness, incurring additional attorney's fees and costs with legal counsel prior to bringing this action, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

72. Plaintiff Michael Jenkins hired the law firm of Jenkins Lorenzo, LLC to represent him in this action and has agreed to pay a reasonable attorney's fee.

73. As a result of the above violations of the FCCPA and pursuant to Fla. Stat. §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

**COUNT V-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

74. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 33.

75. Florida Statutes §559.72(9) states, in pertinent part:

> In collecting consumer debts, no person shall:
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

*Florida Statutes §559.72(9)*

76. On or about June 21, 2021, Defendant furnished Plaintiff Michael Jenkins with the Demand Letter.

77. The Demand Letter demand payment of a sum totaling $827.90 for utility services at "3721 Century Pl 102".

78. Plaintiff Michael Jenkins does not currently have, nor has he ever had any account with Xoom.  Mr. Jenkins does not own or rent any property within any location in which Xoom provides its services.  Likewise, Mr. Jenkins has not entered into any agreement for utility services for any property bearing the "3721 Century Pl 102" address.

79. Without an underlying agreement between Mr. Jenkins and the

Defendant, there is no amount of debt owed by Mr. Jenkins to the Defendant.

80. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, violated Fla. Stat. §559.72(9) by falsely representing in the Demand Letter that Defendant was entitled to recover a balance of $827.90 when Defendant lacked any legal or contractual basis to seek such a debt from the Plaintiff and therefore knew that such a debt was not legitimate.

81. As a direct and proximate result of the violation of the FCCPA by the Defendant, Plaintiff Michael Jenkins was damaged. Plaintiff's damages include but are not necessarily limited to claiming, attempting, or threatening to enforce a debt when the Defendant knew that the alleged debt was not legitimate, incurring additional attorney's fees and costs with legal counsel prior to bringing this action, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

82. Plaintiff Michael Jenkins hired the law firm of Jenkins Lorenzo, LLC to represent him in this action and has agreed to pay a reasonable attorney's fee.

83. As a result of the above violations of the FCCPA and pursuant to Fla. Stat. §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorney's fees and court costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff MICHAEL JENKINS respectfully request this Honorable Court enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, Florida Statutes §559.77(2); and

(b) Such other relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MICHAEL JENKINS hereby demands a trial by jury of all issues so triable.

Dated this 13th day of July 2021.

Respectfully Submitted,

        **JENKINS LORENZO, LLC**
        *Counsel for Plaintiff*
        18851 NE 29th Avenue, Ste. 700
        Aventura, Florida 33180
        Tel: (305) 456-1450

        By: */s/ Jorge Lorenzo, Esq.*
        Jorge "J.D." Lorenzo, Esq.
        Florida Bar No. 81702
        jlorenzo@jenkinslorenzo.com
        Chase E. Jenkins, Esq.
        Florida Bar No. 94261
        cjenkins@jenkinslorenzo.com